AO 106 (Rev. 04/10) Application for a Search Warrant    AUTHORIZED AND APPROVED/DATE: s/Tiffany Edgmon 10/06/25

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

INFORMATION ASSOCIATED WITH CELLULAR DEVICE ASSIGNED NUMBER (405) 234-7711 IN THE CUSTODY OR CONTROL OF VERIZON WIRELESS

Case No. M-25- 587-CMS

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, which is attached and incorporated by reference.

located in the _____ District of ___New Jersey___, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, which is attached and incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 & 21 O.S. § 1435(B) | Burglary in the Third Degree |
| 18 U.S.C. § 1153 & 21 O.S. § 1435(A) | Burglary in the Second Degree |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

The application is based on these facts:

See the Affidavit of Oklahoma State Bureau of Investigation (OSBI) Lieutenant David Gatlin, which is incorporated by reference herein.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David Gatlin, OSBI, Lieutenant
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 6, 2025

*Judge's signature*

CHRIS M. STEPHENS, U.S. Magistrate Judge
*Printed name and title*

City and state: Oklahoma City, Oklahoma

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, David Gatlin, a Lieutenant with the Oklahoma State Bureau of Investigation (OSBI), and a Special Deputy U.S. Marshal on the Federal Bureau of Investigation (FBI) Safe Trails Task Force, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application for a search warrant for information associated with. Verizon Wireless cellular telephone number (405) 234-7711 (hereinafter, the "**SUBJECT ACCOUNT**") that is in the custody or control of Verizon Wireless, a wireless communications service provider that accepts process at 180 Washington Valley Road, Bedminster, NJ 07921. As a provider of wireless communications service, Verizon Wireless is a provider of "electronic communications service," as defined in 18 U.S.C. § 2510(15).

2. This affidavit is in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the disclosure of cellular telephone records as evidence of Burglary in the Third Degree, in violation of 18 U.S.C. § 1153 and 21 O.S. § 1435(B); Burglary in the Second Degree, in violation of 18 U.S.C. § 1153 and 21 O.S. § 1435(A); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

3. I am a certified and commissioned police officer in and for the State of Oklahoma, for approximately 18 years, and is currently employed as a Lieutenant for the Oklahoma State Bureau of Investigation (OSBI). I was previously employed by the District

3 and District 6 Drug Task Forces. My training and education have included a Bachelor's Degree in Criminal Justice from the University of Oklahoma, OSBI Agent's Academy, the Oklahoma Bureau of Narcotics Investigators Course, and the State of Oklahoma Basic Peace Officer Academy.

4. As a Special Deputy with the FBI Safe Trails Task Force, I am authorized to investigate violations of the laws of the United States that occur in Indian Country and to execute warrants issued under the authority of the United States.

5. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. The information to be searched is described in the following paragraphs and in Attachment A. This Affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require Verizon Wireless Inc. to disclose to the government the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate the items described in Section II of Attachment B.

7. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE FACTS

8. On August 20, 2025, a resident (VI-1) of Washington, Oklahoma, discovered their vehicle had been broken into and items in the vehicle had been taken. After a review of a neighbor's surveillance videos, VI-1 discovered an individual walking around their property in the early morning hours. Additionally, VI-1 saw a white Ford Excursion driving around the neighborhood during the same period of time. At the time the suspect was at VI-1's residence, VI-1's vehicle was parked next to his Oklahoma City Police Department patrol vehicle. VI-1's residence is in the Western District of Oklahoma and within the boundaries of the Chickasaw Nation.

9. On August 21, 2025, at around 0539 hours, the Newcastle Police Department and the Chickasaw Lighthorse Police Department (LHPD) responded to a residence in Newcastle, Oklahoma for a burglary. The residents (VI-2) had multiple surveillance cameras that captured the suspect at their residence. NPD Officer Slentz responded to the residence, approaching from the west. Approximately two houses to the west of VI-2's residence, Officer Slentz saw a white male wearing red shorts, a plaid shirt, and black-rimmed glasses hiding behind a tree. Officer Slentz exited his patrol vehicle and ordered the male to show his hands. The suspect fled on foot, jumped into and swam across a pond, and entered a wooded area. Officers located a camouflage jacket, a pair of gloves, a

pocketknife, and the VI-2's ammo can discarded near a residence approximately two-to-three doors west of VI-2.[1]

10. Surveillance videos show the suspect tampering with VI-2's vehicles, seemingly flattening the tires by puncturing them (multiple tires were, in fact, punctured and flattened). Videos captured of the rear of the property indicate the suspect opened VI-2's shed. An ammo can containing cornhole bean bags was taken from the shed (the ammo can was later recovered and returned to VI-2). Videos of the front of the property also captured a white Ford Excursion driving through the neighborhood. Additional surveillance from another residence showed the suspect carrying around an item (possibly his pants), carried over his shoulder.

11. The LHPD Officer Cash responded to the scene to assist and learned the suspect had fled on foot. Officer Cash learned the suspect was a white male that had long hair, black glasses, camouflaged jacket, red shorts, and brown shoes. The suspect dropped multiple property items as he fled.

12. While LHPD Officer Cash was holding the scene, and other officers were searching for the burglary suspect, Officer Cash saw a white Ford Excursion pass that bore a Cherokee Nation tag. Officer Cash saw the driver of the vehicle, a female, who appeared to be looking for someone. VI-2's residence is in the Western District of Oklahoma and within the boundaries of the Chickasaw Nation.

---

[1] Surveillance videos show the suspect initially wore pants, gloves, a camouflage jacket, distinctive shoes, and dark-rimmed glasses.

13. On August 22, 2025, at around 0049 hours, Officer Cash responded to a burglary at a residence in Washington, Oklahoma. This residence is located in the Western District of Oklahoma and within the boundaries of the Chickasaw Nation. The suspect of this burglary was wearing a camouflage jacket or hoodie and had taken a Smith & Wesson M&P firearm, with tape around the grip, from one of the resident's (VI-3) vehicles; and then fled the scene on foot. When Officer Cash arrived, he observed a white Ford Excursion parked down the road, bearing Cherokee Nation tag AK4014. Officers requested a records check on the vehicle and were advised the vehicle was registered to AUSTIN GARRETT REEVES. Officer Cash observed evidence, brown shoes, he believed were related to the above-described Newcastle burglary tied to the back door of the Ford Excursion.

14. LHPD Officers and the McClain County Sheriff's Office began searching the area and subsequently located REEVES hiding underneath a deck of a nearby residence. REEVES had the keys to the Ford Excursion in his pocket. Notably, REEVES was located at the same residence at which the Ford Excursion was parked.

15. Officers searched REEVES' vehicle and found VI-3's stolen firearm[2], a garage door opener to VI-3's residence, and multiple property items taken from VI-1. VI-1 was on scene and identified the items belonging to him. Officers also located two Motorola Moto G Play cell phones in REEVES' vehicle.

---

[2] REEVES has previously been convicted of a felony and is unable to lawfully possess firearms.

16. REEVES was arrested by LHPD officers for burglary and other related tribal offenses, as REEVES is a member of the Cherokee Nation. Reeves' white Ford Excursion was impounded and law enforcement also seized Reeves' cellular telephone.

17. Court records reveal REEVES was convicted of a crime punishable by more than one year and sentenced to a term of imprisonment on March 10, 2022.

18. On September 6, 2025, REEVES called his mother, TANIA REEVES, from a recorded jail telephone line. I reviewed the call and heard REEVES tell his mother that his cellular telephone number was (405) 234-7711 ("**SUBJECT ACCOUNT**").

19. On September 11, 2025, I received a Federal Multi-County Grand Jury subpoena directing Verizon to provide records for the **SUBJECT ACCOUNT**. These requested records included subscriber information, device information, and telephone records (without cell site/sector information) for the **SUBJECT ACCOUNT**.

20. On September 26, 2025, I received the requested records from Verizon Wireless. The device associated with the **SUBJECT ACCOUNT** is a Motorola XT2271DL, International Mobile Equipment Identity (IMEI) 354215682466467 cell phone, which is a Motorola Moto G Play. Records obtained from Verizon Wireless revealed the **SUBJECT ACCOUNT** conversed with two telephone numbers associated with REEVES' parents, further confirming the phone number was associated with REEVES. REEVES routinely conversed with an individual who used T-Mobile phone number 440-841-3754, including close in time to when REEVES and/or his vehicle were seen on surveillance cameras at the scenes of the burglaries.

## VERIZON

34.     In my training and experience, I have learned that Verizon is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

35.     Based on my training and experience, I know that Verizon can collect cell-site data about the **SUBJECT ACCOUNT**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Verizon typically collect and retain cell-site data pertaining to cellular

devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

36.  Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI").

37.  I am aware cellular service providers maintain historical location records consisting of engineering data. This historical location data is referred to "Timing Advanced" or Round Trip Time (RTT) records. Timing Advanced records refers to records the service provider, Verizon, collects and uses as engineering data. Service providers, such as Verizon, measure the time it takes for a signal to travel from the cellular tower, to a device, and back to the cellular tower. By measuring this signal, the provider can estimate the distance and direction of the mobile device to the cell tower site and therefore estimate the location of the device.

38.  These historical records estimate the target phone's location, and/or the distance and direction from the cell site. Utilizing these historical location records can provide investigators with a much smaller footprint of a device's location before, during, and after a crime. These records have assisted me to learn where suspects and victims come

from before the crime, where suspects and victims are during the crime, and their movements post-crime.

## AUTHORIZATION REQUEST

1. Based on the foregoing, I request that this Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Fed. R. Crim. P. 41.

2. I further request that the Court direct Verizon Wireless to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Verizon Wireless, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

*David Gatlin*
David Gatlin, Lieutenant
Oklahoma State Bureau of Investigation

Subscribed and sworn to before me on ___October 6___, 2025

*Chris M. Stephens*
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (405) 234-7711 (the "**SUBJECT ACCOUNT**") whose wireless service provider is Verizon Wireless (the "Provider"), a company that accepts process at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Records and information associated with the **SUBJECT ACCOUNT** that is within the possession, custody, or control of Verizon Wireless.

## ATTACHMENT B

## Particular Things to Be Seized

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of Verizon Wireless (the Provider), including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the **SUBJECT ACCOUNT** listed in Attachment A:

  a. The **SUBJECT ACCOUNT'S** communication detail records (CDRs), whose service provider is Verizon Wireless (the "Provider"), a company that accepts process at 180 Washington Valley Road, Bedminster, NJ. These CDRs include: incoming and outgoing call detail records; incoming and outgoing SMS text detail records; MMS detail records; data records; internet web history; and internet protocol (IP) detail records, to include cell tower site/sector information between the dates of August 20, 2025, through August 22, 2025.

  b. The **SUBJECT ACCOUNT'S** historical location information commonly referred to as LOCDBOR data, NELOS data, PCMD data, RTT data, TruCall, TDOA data, E9-1-1 records, and/or Timing Advance records between the dates of August 20, 2025, through August 22, 2025.

2

II.     **Information to Be Seized by the Government**

All information described in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of Burglary in the Third Degree, in violation of 18 U.S.C. § 1153 and 21 O.S. § 1435(B); Burglary in the Second Degree, in violation of 18 U.S.C. § 1153 and 21 O.S. § 1435(A); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) between August 20, 2025, through August 22, 2025.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by Verizon Wireless in order to locate the things particularly described in this Warrant.